UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6170-CIV-DIMITROULEAS

ODONY AND CAMY ABELLARD,

    Plaintiff,

Magistrate Judge Johnson

vs.

UNITED STATES DEPARTMENT
OF VETERANS ADMINISTRATION AFFAIRS,

    Defendant.

_____/

### ORDER DENYING MOTION FOR APPOINTMENT OF ATTORNEY, ORDER DENYING REQUEST FOR ORDER AND SUMMARY JUDGMENT, and SECOND ORDER DIRECTING PLAINTIFFS TO RESPOND TO MOTION TO DISMISS

THIS CAUSE is before the Court upon Plaintiffs' Request for Order for Default and Summary Judgment [DE 19] and Plaintiffs' Motion for Appointment of Attorney [DE 20]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

Plaintiffs, appearing pro se, move this Court to enter a default and summary judgment against the Defendants for failing to answer the complaint or appear in person to answer the complaint. As was previously explained to Plaintiffs by Order of this Court dated May 24, 2000, Defendant does not have to appear in Court under the Federal Rules of Civil Procedure. In addition, Defendants have filed a motion to dismiss the Plaintiff's Complaint prior to answering the Complaint, a right also provided by the Federal Rules of Civil Procedure. This Court has twice previously advised Plaintiff to follow the Federal Rules of Civil Procedure. Therefore, Plaintiffs' Request for Default and Summary Judgment is denied.[1]

___

[1] The Plaintiffs' inference that sanctions are appropriate against Defendant's counsel is wholly frivolous and is rejected by this Court. As has been stated previously, Defendant has the right to seek dismissal of the Complaint without an appearance in Court. Plaintiffs are instructed to familiarize themselves with Rule 11 of the Federal Rules of Civil Procedure, which governs



As for the appointment of an attorney in civil cases, this Court has discretion to appoint an attorney, but declines to do so in this case. Plaintiffs cite to the Civil Rights Act, but this case does not involve a claim for violation of civil rights, but rather involves the Truth in Lending Act. In this case, the Court refers the Plaintiffs to the Broward County Bar Association (954-764-8040) and the Volunteer Lawyer's Project for the Southern District of Florida (305-373-4334). Plaintiffs' motion for appointment of counsel is denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Request for Order for Default and Summary Judgment [DE 19] is hereby **DENIED**;

2. Plaintiffs' Motion for Appointment of Attorney [DE 20] is hereby **DENIED**;

3. Plaintiffs' response to the Defendant's Motion to Dismiss was due on June 5, 2000, however, the Court will grant an extension until June 26, 2000;

4. As previously stated, failure to respond to Defendant's Motion to Dismiss and/or for Summary Judgment shall result in the motion being granted and the case being dismissed.

DONE AND SIGNED in Chambers at Fort Lauderdale, Broward County, Florida, this 12 day of June, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Odony Abellard & Camy Abellard
Laurie Rucoba, AUSA (Ft. Laud)

---

the imposition of sanctions on a party or attorney, and the consequences of signing filings that are filed for improper purposes.

2