UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6170-CIV - $\omega\rho D$

ODONY AND CAMY ABELLARD,

    Plaintiffs,

Vs.
DEPARTMENT OF VETERAN ADMINISTRATION AFFAIRS
DIRECTOR.

## MOTION FOR SUMMARY JUDGMENT

The plaintiffs move the Court Pursuant to Rule 56, Federal Rules of Civil Procedure, to grant them Summary Judgment, and in support of this motion say:

1. The material facts show that the defendant have failed to respond and to appear before the Court in two different occasions to contest the plaintiffs allegations filed on the 2nd day of February, 2000.

2. The material facts show that the plaintiffs filed their Complaint on February 2nd, 2000, and the defendant has entered an Order the same day in the name of the Court, with the Judge's signature being forged. Order Requiring Parties or Counsel to Meet and File Joint Scheduling Report, Order of Instructions for Pro Se Litigant. Order reads as follows: "This Order has been entered upon the filing of the complaint. The Court has carefully reviewed the Court file herein, and notes at the outset of this pro se case that it is essential that the pro se litigant understand certain procedural information." Plaintiffs filed



      12:00pm on February 2nd, 2000, which the initial filing, the Defendants Motion the same day February 2nd, 2000. What would the Court file have for the Judge to review?

3. The material facts show that the defendants, pursuant the Order in question no. 4 stating that: "A copy of all pleadings must be sent to counsel for the opposing side, and notice shall include a certificate of service that a copy has been sent to counsel for the opposing side", while the defendants' attorney has never sent any pleading copies to the plaintiffs. The defendants leave it up to the plaintiffs to pick up same from the Clerk's Office.

4. The undisputed material facts show that, no. 9 in the same Order stating: "Failure of counsel or an unrepresented party to file a joint scheduling report may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs."; although the defendants deliberately failed to respond and to appear to contest or deny the plaintiffs' complaint and demands.

5. Material facts show that the defendant on another order dated May 24th, 2000, denying motion for the defendant

6. to appear in person by the plaintiffs, plaintiffs got that copy of this order on June2nd, 2000 from the Clerk's Office. Plaintiffs did not have knowledge of that motion. The Order stating: "This cause is before the Court upon plaintiff motion for the defendant to appear before the Court in person is denied. The defendant's motion to dismiss, and or, for summary judgment, the Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs appearing pro se move the Court to require the defendant to appear in person to answer the complaint is denied as Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida require only written responses to a complaint. In particular, the Local Rules of this Court which plaintiff are advised to pick up a copy from the Clerk of the Court, also stating that the Court has never required a civil defendant to appear in Court to answer a complaint." The defendants' attorney has been using her own Rules and falsified Proceedings and signature of the Judge Dimitrouleas. Isn't it a blow to the Court's integrity? Should the U.S. attorney Ms. Laurie Ruboca be sanctioned? Should the Court have sufficient evidence to enter a summary judgment against the defendants and in favor of the entitled plaintiffs? Should avernments of fraud in this case be treated in particularity?

Plaintiffs respectfully are requesting the Court to grant their motion for summary judgment against the defendants in favor of the plaintiffs and granting the following relieves:

1. To enter an order directing the defendants to issue a certificate of abrogation for the remaining on principal, if any exist, the mortgage is being satisfied despite the way the lender has been posting all the payments, in overcharging the interests and undercharging the principal payments for over 21 years.

2. Plaintiffs claim their investment and interest paid. $106,789.00

3.  Plaintiffs claim $5,000.00 for each month where the defendants have continuously violated the closed-end amortization schedule transaction within 21 years. $126,000.00 Total with above amount: $232,789.00

Jurisdiction is conferred to this Court over the plaintiffs' claims against the defendants to enter judgment for: 232,789.00 dollars by the violation of the Federal Truth in lending Act by 18 U.S.C. sec. no. 891, 12 U.S.C. sec. No. 4121, Title 12 sec. No. 1735F-14.

ODONY ABELLARD

CAMY ABELLARD
6778 NW 1st Street
Margate, Florida 33063
954-972-310

Copies furnished to:

DEPARTMENT OF VETERANS ADMINISTATION AFFAIRS
DIRECTOR
UNITED STATES DIST.ATTORNEY OFFICE
MS.LAURIE RUBOCA U.S.ATTORNEY
5OO EAST BROWARD BLVD.
FT. LAUDERDALE FLORIDA 33301.