UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6170-CIV-DIMITROULEAS

ODONY AND CAMY ABELLARD,

Magistrate Judge Johnson

Plaintiff,

vs.

UNITED STATES DEPARTMENT
OF VETERANS ADMINISTRATION AFFAIRS,

Defendant.
_____/

## FINAL ORDER OF DISMISSAL
## ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss or for Summary

Judgment [DE 16], Plaintiffs' Motion for Summary Judgment [DE 22] and prior orders of this

Court. The Court has carefully considered the motions and is otherwise fully advised in the

premises.

Defendant filed his motion to dismiss or for summary judgment on May 16, 2000. This

Court, on its own, gave pro se Plaintiffs two extensions to respond to this motion, first a short

extension to June 5, 2000, and then an additional extension until June 26, 2000. Each time,

rather than respond to the Defendant's motion, Plaintiffs have filed their own motions, each

containing unsupported allegations of wrongdoing on the part of Defendant's counsel. This

Court, in its May 24, 2000 and June 12, 2000 Orders, told Plaintiffs that failure to respond to

Defendant's motion would result in the granting of that motion and dismissal of this case.

In their latest motion, Plaintiffs accuse opposing counsel of forging the Court's signature

on the initial order sent out by this Court, the same day the Complaint was filed, regarding the

Plaintiff's obligation to conduct a joint scheduling conference. As has been previously explained

to Plaintiff in its April 11, 2000 Order, this Court routinely issues a form order to Plaintiff or Plaintiff's counsel regarding the filing of a joint scheduling report within a certain time after the filing of the complaint. This initial order is routinely issued the same day or the next day. Thus, the Plaintiffs' accusations are wholly without merit.

As to the mailing of orders issued by the Court, chambers of the undersigned routinely sends a copy of the signed orders directly to the parties or their counsel. This practice has been done in this case.

In the last three paragraphs of their motion, Plaintiffs request certain relief from this Court that addresses the merits of this lawsuit. However, such statements are not enough to rebut the Defendant's motion to dismiss or for summary judgment. Defendant's motion attaches documentary history regarding the remaining balance of Plaintiff's mortgage.[1] Therefore, this Court is left with the failure of Plaintiff to rebut Defendant's motion in the alternative for summary judgment, even though this Court twice has advised Plaintiff that failure to respond to Defendant's motion would result in granting of the motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss or for Summary Judgment [DE 16] is hereby **GRANTED,** in that summary judgment is granted in favor of Defendants and against the Plaintiffs, for failure of the Plaintiffs to respond to the Defendant's motion;

2. This judgment in favor of Defendant is not on the merits of the case and thus is without prejudice to Plaintiffs' raising any possible defenses in any later action by Defendant against Plaintiff for nonpayment of the disputed mortgage balance;

---

[1] Since the Court relies in part on documents not a part of the Complaint, Defendant's motion is more properly before the Court as a motion for summary judgment.

3.    Plaintiffs' Motion for Summary Judgment [DE 22] is hereby **DENIED**;

4.    Any other pending motions are hereby denied as moot;

5.    The Clerk may close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of July, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Odony Abellard & Camy Abellard
6778 NW 1st Street
Margate, FL 33063


Laurie Rucoba, AUSA (Ft. Laud)

3